Haui, Judge.
 

 T think the charge of the Judge to the jury in the Superior Court was correct. The question submitted to the Court is somewhat confused, because
 
 Eastwood
 
 was Sheriff both in 1819 and 1820 — let us suppose that some other person was Sheriff in
 
 1819,
 
 and that the executions of
 
 jitri facias
 
 issued into his hands, and were returned, no sale for want of bidders, to May Court, 1820, at which Court,
 
 Eastwood
 
 was appointed Sheriff. From that Court, the Plaintiff in the executions, thought proper to issue writs of
 
 venditioni exponas,
 
 it is proper that these writs should issue, to tfie first Sheriff who had levied on the property, because an execution is said to be an entire thing, and he who begins it must end it, (1
 
 Hay.
 
 41
 
 5
 
 —Gwillhn’s
 
 Bacon, Sheriff J. cases therein
 
 cited) consequently it would be the duty of the first Sheriff, not of
 
 Eastwood,
 
 to self the property as was done, in February 1821. The power of finally selling the property, was a continuation of the power which lie bad to levy upon it. But it seems that the same person, Eastwood, was Sheriff in 1819 and 1820, then it follows that as he levied upon the property by virtue, of his appointment in 1819, and sold it, and received the proceeds of the sale under a continuation of a power derived from the same appointment, that lie did not in any respect act under the authority of his appointment in 1820 — that lie might and ought to have sold the property in 1821 although he fiad not been appointed Sheriff in 1821. The consequence is that his failure to pay the money which is alledged as a breach, can be no breach of the bond given at May Court, 1820. X therefore think, the rule for a new trial should be discharged.
 

 Fes curiam. — Judgment affirmed.